# Authority of the Deputy Attorney General Under Executive Order 12333

The Deputy Attorney General has authority to approve searches for intelligence purposes under section 2.5 of Executive Order 12333.

November 5, 2001

MEMORANDUM OPINION FOR THE
ASSOCIATE DEPUTY ATTORNEY GENERAL

You have asked for our opinion whether the Deputy Attorney General has the authority to grant approvals under section 2.5 of Executive Order 12333, 3 C.F.R. § 200 (1981). We believe that he does.

Executive Order 12333 addresses the conduct of intelligence activities. Section 2.5 provides:

> The Attorney General hereby is delegated the power to approve the use for intelligence purposes, within the United States or against a United States person abroad, of any technique for which a warrant would be required if undertaken for law enforcement purposes, provided that such technique shall not be undertaken unless the Attorney General has determined in each case that there is probable cause to believe that the technique is directed against a foreign power or an agent of a foreign power. Electronic surveillance, as defined in the Foreign Intelligence Surveillance Act of 1978 ["FISA"], shall be conducted in accordance with that Act, as well as this Order.

Under the Department's regulations, the Deputy Attorney General "is authorized to exercise all the power and authority of the Attorney General, unless any such power or authority is required by law to be exercised by the Attorney General personally." 28 C.F.R. § 0.15(a) (2000). That regulation rests on the Attorney General's statutory authority to "make such provisions as he considers appropriate authorizing the performance by any other officer, employee, or agency of the Department of Justice of any function of the Attorney General." 28 U.S.C. § 510 (1994). Consequently, the Deputy Attorney General may exercise the Attorney General's power under section 2.5 of the Executive Order, unless by law the Attorney General must exercise that power personally.

No statute reserves to the Attorney General the power to grant approvals under section 2.5, although one statute arguably is relevant to the question. Under 3 U.S.C. § 301 (2000), the President may delegate any "function which is vested in the President by law" to the head of any department or agency in the Executive Branch or to any official of a department or agency required to be appointed with Senate confirmation. When the President uses this statute to delegate a function,

we have concluded that the power may be redelegated only to officials who occupy Senate-confirmed positions and would also qualify under the statute to receive delegations directly from the President. *See* Memorandum for Richard W. McLaren, Assistant Attorney General, Antitrust Division, from William H. Rehnquist, Assistant Attorney General, Office of Legal Counsel, *Re: Revision of Proclamation 3279 (Oil Import Controls) and Implementing Regulations* at 1 (Jan. 4, 1971). It is far from clear that the President's delegation under section 2.5 is pursuant to 3 U.S.C. § 301. Section 301, according to 3 U.S.C. § 302 (2000), does not "limit or derogate from any existing or inherent right of the President to delegate the performance of functions vested in him by law," and Executive Order 12333, which touches on many aspects of the President's constitutional power over national security, does not cite 3 U.S.C. § 301 as authority. In any event, even if 3 U.S.C. § 301 applies, the Deputy Attorney General occupies an office requiring Senate confirmation, and he may receive the redelegation of a presidential power.

Nor do we believe that Executive Order 12333 itself limits the Attorney General's ability to delegate to the Deputy Attorney General the power to give approvals under section 2.5. The Supreme Court has observed that "'[t]he complexities and magnitude of governmental activity have become so great that there must of necessity be a delegation and redelegation of authority as to many functions.'" *Gravel v. United States*, 408 U.S. 606, 617 (1972) (quoting *Barr v. Matteo*, 360 U.S. 564 (1959)). As we have explained, "[i]t is clear . . . as a 'general proposition' of administrative law, that 'merely vesting a duty in [a cabinet officer] . . . evinces no intention whatsoever to preclude delegation to other officers in the [cabinet officer's agency] . . . .'" *Delegation of Cabinet Member's Functions as Ex Officio Members of the Board of Directors of the Solar Energy and Energy Conservation Bank*, 6 Op. O.L.C. 257, 258 (1982) (quoting *United States v. Giordano*, 416 U.S. 505, 513 (1974)) (footnote omitted). Here, the argument for an implied limitation under the Executive Order would be that the function in question is exceedingly sensitive and that, by referring to FISA's provisions on electronic surveillance, the Executive Order incorporates FISA's limitation that only the Attorney General, Acting Attorney General, or Deputy Attorney General may perform functions vested in the Attorney General by the statute. 50 U.S.C. §§ 1801(g) (1994). Even assuming the validity of this reasoning, it would at most show that the Attorney General's authority under section 2.5 could not be delegated to an official below the Deputy Attorney General. It does not conflict with the Deputy Attorney General's exercise of power under the delegation in 28 C.F.R. § 0.15(a).

JOHN C. YOO
*Deputy Assistant Attorney General*
*Office of Legal Counsel*
